UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**Hon. Hugh B. Scott**

13CR204A

ALEXANDER DUARTE,

**Order**

Defendant.

Before the Court is defendant's motion for omnibus discovery relief (namely, filing of a Bill of Particulars; discovery; production of Brady[1] and Giglio[2] materials; production of Jencks Act, 18 U.S.C. § 3500, material; and identification of informants) (Docket No. 13). The Government responded (Docket No. 14), making its demand for reciprocal discovery (id. at 8-9). This motion was argued on December 20, 2013, when defendant stated that he was satisfied with the Government's responses and both parties rested on their papers (Docket No. 15).

BACKGROUND

Defendant is charged in Count 1 of the Indictment with possession with intent to distribute, and distribution of, heroin, in violation of 21 U.S.C. § 841(a)(1), allegedly possessing heroin for distribution on or about October 19, 2012 (Docket No. 8, Indict., Count 1). The second count alleges the same conduct, but on or about November 14, 2012 (id., Count 2).

---

[1]Brady v. Maryland, 373 U.S. 83 (1963).

[2]Giglio v. United States, 405 U.S. 105 (1979).

DISCUSSION

I.      Bill of Particulars

First, defendant seeks the filing of a Bill of Particulars, as to the nature and context of his alleged possession (Docket No. 13, Def. Atty. Affirm. ¶¶ 5, 6). Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. The Government opposes this request because defendant has not shown that particularization would help prepare the defense and that further particularization would be a "fishing expedition" to obtain pretrial disclosure of the Government's proof at trial (Docket No. 14, Gov't Response at 2).

Bills of Particulars are to be used only to protect a defendant from double jeopardy, to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967). While it is within this Court's sound discretion to order the filing of a Bill of Particulars, Wong Tai v. United States, 273 U.S. 77, 82 (1927), the burden is upon defendants to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendants' rights, id. (see id.). Any particularization confines the Government's proof to the particulars furnished, United States v. Glaze, 313 F.2d 757, 759 (2d Cir. 1963); United States v. Murray, 297 F.2d 812, 819 (2d Cir.), cert. denied, 369 U.S. 828 (1962).

Upon review of the Indictment and the extent of discovery produced in this case to defendant, this Court finds that defendant is **not entitled** to a Bill of Particulars from the Government here inasmuch as he is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy.

II. Discovery

Defendant next seeks various forms of discovery (Docket No. 13, Def. Atty. Affirm. ¶¶ 7-46). While acknowledging that the Government has produced discoverable items (id. ¶ 8), defendant seeks specific items not previously disclosed (id.). The Government responds that in general it has complied fully with its discovery obligations to each defendant (Docket No. 14, Gov't Response at 1, 3, Ex. A).

Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

    A. Witnesses' Names and Addresses

Specifically, defendant seeks a list of witnesses, arguing their production is necessary to resist a conspiracy (Docket No. 13, Def. Atty. Affirm. ¶¶ 41, 42-44). The Government responds that no conspiracy was alleged and it resists pretrial identification of witnesses (Docket No. 14, Gov't Response at 4). No conspiracy is alleged and thus there is no stated reason for identifying

witnesses prior to the final pretrial Order's schedule for disclosure of witness lists. Defendant's request here is **denied**.

   B. Federal Rules of Evidence 404(b), 608, 609 Disclosures and Notices

Defendant requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 13, Def. Atty. Affirm. ¶ 45). The Government states that it gave its notice under Rules 404(b), 608, and 609, through voluntary discovery already produced (Docket No. 14, Gov't Response at 6-7).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented that it provided notice under Rules 404(b), 608, and 609. This **is sufficient** in this case.

   C. Scientific Experts and Rough Notes

The Government responds (Docket No. 14, Gov't Response at 4) that it intends to produce expert disclosure as requested by defendant (see Docket No. 13, Def. Atty. Affirm. ¶ 46). This **is sufficient** in this case.

As for rough notes, defendant sought their preservation and production (see Docket No. 13, Def. Atty. Affirm. ¶ 18). The Government denies a basis for providing such notes but will endeavor to preserve them (Docket No. 14, Gov't Response at 4).

III. Brady/Giglio Materials

Defendant next seeks to have the Government disclose all materials potentially favorable to them, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150

(1972), and their progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The Government responds that it was not in possession of any exculpatory material within its meaning in Brady but recognizes its continuing duty under that case to produce such material if and when it becomes aware of it (Docket No. 14, Gov't Response at 4). The Government further agrees to produce impeachment Brady material when it produces its Jencks Act material (id. at 5).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided," United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with

5

the common practice in this district (prior to trial so long as it is disclosed in sufficient time for defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

IV. Jencks Act Materials

Next, defendant seeks early production of Jencks Act, 18 U.S.C. § 3500, materials not less than 48 hours before trial (Docket No. 13, Def. Atty. Affirm. ¶¶ 57-61). The Government agrees to disclose witnesses' written statements and law enforcement agencies' memoranda of interviews with witnesses (Docket No. 14, Gov't Response at 3).

The Jencks Act, 18 U.S.C. § 3500, governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until after the witness has testified at trial. In this case, the Government has agreed to disclose this information without specifying when (id.). Compliance with the final pretrial Order in this case, which would dictate the timing of Jencks Act disclosure is acceptable; the Government shall disclose Jencks Act information **prior to trial as ordered in the District Court's final pretrial Order**.

V. Identity of Informants

Next, defendant seeks the identity of any informants used against him (Docket No. 13, Def. Atty. Affirm. ¶¶ 62-64). The Government objects to identifying its informants at this time, arguing (in part) that defendant has not shown that their identification is essential to effective preparation of the defense or is reasonable in light of the surrounding circumstances (Docket No. 14, Gov't Response at 7-8).

The Government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v.

Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial, United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). Defendant has not established that the pre-trial disclosure of the identities of any informants is essential to their respective defenses. This request is **denied**.

VI.     Government's Motion for Reciprocal Discovery

The Government seeks to inspect and copy documents and other items in defendant's custody, possession or control (Docket No. 14, Gov't Response at 8-9), without any apparent objection by the defendant. Under Rule 16, the Government is entitled to production of documents in a defendant's possession that each defendant intends to use in his own case-in-chief. Each defendant is reminded of each of their respective obligations under Rule 16 to produce pursuant to the Government's notice for discovery, therefore, the Government's reciprocal motion (Docket No. 14, Gov't Response at 8-9) is **granted**.

## CONCLUSION

For the reasons stated above, defendant's motion (Docket No. 13) for various forms of discovery relief is **granted in part, denied in part** as stated in detail above. The Government's motion for reciprocal discovery (Docket No. 14, Gov't Response at 8-9) is **granted**.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       January 3, 2014